# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 5092 | **DATE** | 6/28/2004 |
| **CASE TITLE** | Annecca vs. Lexent | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ■ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Accordingly, even though Lexent's motion to strike Annecca's motion for reconsideration has been denied, this Court also denies Annecca's motion itself in substantive terms. In anticipation of the likelihood of that denial, this Court ruled during the June 25 hearing that the clarifying and limiting supplement by Annecca's counsel is to be filed on or before July 2, 2004, with Lexent's reply regarding its own motion and its response to Annecca's cross-motion be filed on or before July 16, 2004.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUN 29 2004 | |
| | Notified counsel by telephone. | | date docketed | 88 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | CLERK | 6/28/2004 | |
| SN | courtroom deputy's initials | 2004 JUN 29 AM 8:24 | date mailed notice SN mailing deputy initials | |
| | | date/time received in central Clerk's Office | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ANNECCA INC., et al.,           )
                                )
            Plaintiffs,         )
                                )
      v.                        )   No. 02 C 5092
                                )
LEXENT, INC.,                   )   DOCKETED
                                )
            Defendant.          )   JUN 2 9 2004

## MEMORANDUM OPINION AND ORDER

During the May 19, 2004 scheduling conference held to address scheduling on the motion that had been filed by Lexent, Inc. ("Lexent") for summary judgment on its counterclaims,[1] Annecca's counsel asked for and were given until June 16 to respond to the Lexent motion. At that time Annecca's counsel also sought and were granted leave to file a memorandum in excess of 15 pages, based on their representation that they anticipated filing a counter-motion as to Lexent's counterclaims. But what Annecca's counsel have now tendered instead is a 38-page memorandum that begins with and is dominated by an effort to overturn the Opinion rendered in Lexent's favor on the principal claims--an attack that counsel did not see fit to mention during the May 19 session, even though fully 2-1/2 months had elapsed

---

[1] Those are the only claims that remain in the case following this Court's issuance of its March 5 memorandum opinion and order (the "Opinion," 307 F.Supp.2d 999) that granted summary judgment in Lexent's favor on the claims brought against it by Annecca, Inc. and its co-plaintiffs (collectively "Annecca," treated here as a singular noun for convenience).

since issuance of the Opinion, and even though by that time counsel and their client had obviously decided to launch it.

No technical timing problem is of course posed by such a motion for reconsideration (or, as counsel label their effort, for "revision of this Court's March 5 order"). As for the motion itself, such filings are encountered with some degree of frequency in practice even though, as this Court wrote more than a decade ago in <u>Spring Sys. Co. v. William G. Smart Co.</u>, No. 91 C 1049, 1993 WL 81445, at *1 (N.D. Ill. Mar. 19):

> Motions for reconsideration cannot be located in any search of the Federal Rules of Civil Procedure. There is a reason: Although such motions have long been utilized by disappointed litigants who want to try again, they have a <u>very</u> limited utility.

In this instance, because the Opinion disposed of fewer than all of the claims in the case and was therefore not a final order, Fed. R. Civ. P. ("Rule") 54(b) teaches that this Court's ruling is indeed "subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

All the same, it is disturbing that Annecca's counsel did not file their reconsideration effort far more promptly--and when that was not done, did not even provide any mention of their plans at all (let alone giving an actual preview of coming attractions) at or before the scheduling conference held some months after issuance of the Opinion, even though counsel

obviously had the motion planned for quite some time before that. It strikes this Court as an extraordinarily lame excuse for counsel to say, as they have in their response to Lexent's just-filed motion to strike:

> Plaintiffs decided to avail itself [sic] of the opportunity to seek reconsideration of this Court's March 5th Order as part of its [sic] response to Defendant's second motion for summary judgment as a matter of judicial economy and common sense.
>
>    *   *   *
>
> Plaintiffs were waiting until the Defendant filed its second Motion for Summary Judgment to raise its motion to reconsider, but this was delayed significantly because Defendant requested an additional month to file its second Motion for Summary Judgment.

In any event, this Court has not granted Lexent's motion to strike Annecca's bulky submission, but it refrains from granting such relief primarily because Annecca's supporting memorandum also includes what <u>had</u> been promised on May 19 and because it would be wasteful to force counsel to return to the drawing board simply for purposes of submitting a substantially repetitious filing. Instead this Court, at its June 25 hearing on the matter, orally ordered Annecca's counsel to file a brief supplement to identify specifically which portions of the preliminary statement and reconsideration aspect of their memorandum (which appear to occupy fully three-fourths of its length) should be considered in conjunction with the aspects that are directly responsive to Lexent's motion and that directly

3

address Annecca's cross-motion targeting Lexent's counterclaims.

As for the motion for reconsideration itself, in substantial part it partakes of the qualities that led this Court to say, in dealing with a comparable motion a decade and a half ago in Quaker Alloy Casting Co. v. Gulfco Indus., Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1988)(adapted to this case):

> Despite what [Annecca] appears to think, this Court's opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure. Motions such as this reflect a fundamental misunderstanding of the limited appropriateness of motions for reconsideration.

Annecca's motion certainly does not play the limited role that was felicitously described by the late District Judge Dortch Warriner in Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983), a description that this Court has often quoted since and that has in turn found its way into opinions by our Court of Appeals addressing the same subject.

On that score, to the substantial extent that Annecca's filing rehashes the matters to which this Court gave painstaking attention in the course of the Opinion (a rehashing that occupies a good deal of what its counsel now tenders), this Court sees no need for reconsideration: As it said over two decades ago in like circumstances in Refrigeration Sales Co. v. Mitchell-Jackson, Inc., 605 F.Supp. 6, 7 (N.D. Ill. 1983), aff'd 770 F.2d 98 (7th Cir. 1985)(again paraphrased to fit this case):

> [Annecca] contend[s] this Court was in error on the

4

issues it had considered fully and spoken to in detail
in the Opinion. Those arguments should of course be
directed to the Court of Appeals.

And to the extent that Annecca's filing raises factual or legal contentions that could have been (and should have been) advanced the first time around, again our Court of Appeals has regularly rejected such efforts--see, e.g., Caisse Nationale de Credit Agricole v. CBI Indus., Inc., 90 F.3d 1264, 1269-70 (7th Cir. 1996).[2]

Accordingly, even though Lexent's motion to strike Annecca's motion for reconsideration has been denied, this Court also denies Annecca's motion itself in substantive terms. In anticipation of the likelihood of that denial, this Court ruled during the June 25 hearing that the clarifying and limiting supplement by Annecca's counsel is to be filed on or before July 2, 2004, with Lexent's reply regarding its own motion and

---

[2] Strikingly, the discussion in Caisse Nationale begins with a quotation from this Court's opinion in Keene Corp. v. Int'l Fidelity Ins. Co., 561 F.Supp. 656, 665 (N.D. Ill. 1982), which was both affirmed and adopted as the Court of Appeals' view at 736 F.2d 388 (7th Cir. 1984), then goes on to cite and quote from a number of this Court's other opinions and unsuccessful appeals from those opinions. All of those opinions, as well as the other opinions cited in Caisse Nationale, have the identical don't-hold-back thrust--as Caisse Nationale, 90 F.3d at 1270 put it (quoting this Court's opinion in Employers Ins. of Wausau v. Bodi-Wachs Aviation Ins. Agency, 846 F.Supp. 677, 685 (N.D. Ill. 1994)):

> A party seeking to defeat a motion for summary judgment is required to "wheel out all its artillery to defeat it."

5

its response to Annecca's cross-motion to be filed on or before July 16, 2004.

                                              */s/ Milton I. Shadur*
                                            Milton I. Shadur
                                            Senior United States District Judge

Date:    June 28, 2004